[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff Corporation is a insurance agency whose office was located in the Union Trust Co. building prior to moving to its present location. The defendant was a member of the law firm of Winer And Sulzbach which was also located in the same building until approximately September 1986 when the firm terminated and moved from the building.
Commencing in 1977 the plaintiff issued annual policies to the defendant's firm for workmen's compensation and an office package policy. The policies were automatically renewed each year. In 1983 the plaintiff moved to its present address in North Haven, and thereafter it corresponded with the firm through the mail.
On or about October 1, 1986, the law firm terminated and the partners relocated to establish separate offices. The defendant moved to an office in Hamden, Connecticut and he then obtained insurance for his new firm from a different agent. The defendant never advised the defendant of the termination of the firm or that he had relocated to a different office.
Prior to the expiration of the above policies on February 14, 1987 the plaintiff sent the renewal policies to the firm of Winer And Sulzbach. The notice of renewal with the compensation policy was dated February 9, 1987, and it requested the firm to advise if the coverage was no longer needed and to return the policy before the effective date. A similar notice and policy was sent on March 2, 1987 for the office package policy. neither the firm or the defendant advised the plaintiff to terminate the policies. The plaintiff then paid the carrier, and sent the firm a bill for each policy for the total sum of $815.00. The plaintiff subsequently added late charges of $30.00, and now claims the sum of $845.00 plus an attorneys fee.
The defendant contends that the plaintiff failed to properly renew the policies and therefore pursuant to 38-185 W(b) of the Conn. Gen. Statutes the plaintiff is not entitled to recover. The defendant also argues that the custom and usage of renewing the policies did not apply to obligate the defendant to pay the premiums, and further that the CT Page 850 defendant should not be obligated for a full years premium.
This court finds the defendant is precluded from relying upon Sec. 38-185 W(b) as a statutory defense because it had not been pleaded as required by the Practice Book 109A. It would be prejudicial to the plaintiff to permit an amendment to the answer to permit such a defense at this late stage of the proceeding and such permission has never been granted.
The defendant failed to properly respond to the plaintiff to terminate the coverage, and therefore the plaintiff is liable under Sec. 34-749 (1) of the Connecticut General Statutes as a partner for the partnership obligation.
Therefore judgment shall enter for the plaintiff to recover $815.00 plus a reasonable attorneys fee of $250.00 plus cost.
HOWARD F. ZOARSKI, JUDGE